# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Civil Case Number: _____

| | |
|---|---|
| Amy Bartling, | : |
| Plaintiff, | : |
| vs. | : |
| Ocwen Loan Servicing, LLC; and DOES 1-10, inclusive, | : |
| Defendants. | : |

## COMPLAINT

For this Complaint, the Plaintiff, Amy Bartling, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiff, Amy Bartling ("Plaintiff"), is an adult individual residing in Casper, Wyoming, and is a "person" as defined by 47 U.S.C. § 153(39).

4. The Defendant, Ocwen Loan Servicing, LLC ("Ocwen"), is Florida business entity with an address of 1661 Worthington Road, Suite 100, West Palm Beach, Florida 33409, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Does 1-10 (the "Agents") are individual collectors employed by Ocwen and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

6. Ocwen at all times acted by and through one or more of the Agents.

## FACTS

7. In 2010, Ocwen started calling Plaintiff's cellular telephone, number 307-xxx-3236, in an attempt to collect a consumer debt allegedly owed by Plaintiff.

8. At all times mentioned herein, Ocwen contacted Plaintiff using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

9. When Plaintiff answered the calls from Ocwen, she heard a prerecorded message requesting a call back from Plaintiff regarding her account.

10. Plaintiff does not know how Ocwen acquired her cellular phone number. Plaintiff did not provide it to Ocwen.

11. Plaintiff did not provide prior express consent to Ocwen to place automated calls to her cellular phone number.

## COUNT I

## VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *ET SEQ.*

12. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13. At all times mentioned herein, Defendants called Plaintiff on her cellular telephone using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

14. Plaintiff never provided her cellular telephone to Defendants and never provided her consent to be contacted on her cellular telephone.

15. Defendants continued to place automated calls to Plaintiff's cellular telephone knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

16. The telephone number called by Defendants was and is assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

17. Plaintiff was annoyed, harassed and inconvenienced by Defendants' continued calls.

18. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

19. Each of the aforementioned calls made by Defendants constitutes a violation of the TCPA.

20. Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

21. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

C. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 15, 2018

Respectfully submitted,

By  */s/ Tamra Givens*
Tamra Givens, Esq.
Florida Bar No. 657638
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
tgivens@lemberglaw.com